1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10  | CRAIG CLEVELAND and            | Case No. 1:14-cv-01825-SKO
    | MARIANNA CLEVELAND,           |
11  |                                | ORDER DENYING PLAINTIFFS'
    |           Plaintiffs,          | MOTION TO REMAND
12  |                                |
    |     v.                         | (Doc. 4)
13  |                                |
    | WEST RIDGE ACADEMY, CHILDREN   |
14  | AND YOUTH SERVICES, INC., and DOES |
    | 1-10,                          |
15  |                                |
    |           Defendants.          |
16  | _____/
17

18                    **I.    INTRODUCTION**

19        Plaintiffs Craig Cleveland and Marianna Cleveland ("Plaintiffs") filed a civil suit against

20  Defendants West Ridge Academy, Children and Youth Services, Inc., and Does 1-10

21  ("Defendants") on March 12, 2014, in Fresno County Superior Court.  (Doc. 1, 2; Exh. A.)

22  Defendants previously attempted to remove this case to federal court, in case number 1:14-CV-

23  00977-SKO, on June 19, 2014.  (Doc. 1, 2.)  The Court remanded the case Fresno County Superior

24  Court on September 17, 2014, for lack of subject matter jurisdiction.  (Doc. 1, 2-3; *see also*

25  *Cleveland v. West Ridge Academy*, No. 1:14-CV-00977-SKO, Doc. 16.)

26        On October 27, 2014, after remand, Plaintiffs served Statements of Damages on

27  Defendants, providing a list of damages totaling $922,000.  (Doc. 1, 3; Exh. E.)  Defendants filed

28  a new Notice of Removal on November 20, 2014, within thirty days of service of the Statements

1    of Damages, contending that the amount in controversy exceeded the requisite $75,000.  (Doc. 1,

2    3.)   Plaintiffs filed a Motion to Remand on November 28, 2014, and Defendants filed an

3    Opposition on December 5, 2014.  (Docs. 4; 9.)

4         The Court has reviewed the parties' briefs and supporting documents, and determined that

5    this matter is suitable for decision without oral argument pursuant to the Local Rules of the United

6    States District Court, Eastern District of California, Rule 230(g).[1]  For the reasons set forth below,

7    Plaintiffs' motion to remand is DENIED.

8                               **II.    BACKGROUND**

9         In 2011 and 2012, Plaintiffs sent their minor daughter to Defendant West Ridge Academy,

10   a resident care facility licensed by the State of Utah as a youth treatment and residential services

11   program for counseling, mental health therapy, and remedial training of youth.  (*See* Doc. 1, Exh.

12   A.)  Defendant West Ridge Academy is owned and operated by Defendant Children and Youth

13   Services, Inc., a corporation organized and existing in Utah with its principle place of business in

14   West Jordan, Utah.  (Doc. 1, 4.)

15        Plaintiffs allege that Defendant West Ridge's agents behaved inappropriately toward their

16   daughter during and after her ten-month admission to West Ridge Academy, and that Defendants

17   are vicariously liable for their agents' behavior.  Plaintiffs further allege that Defendants breached

18   their contractual obligation to adequately provide "aftercare" in-home follow-up counseling and

19   therapy, a component of the treatment program designed to ensure continued progress and relapse-

20   reduction and for which Plaintiffs had made the required pre-payment.  West Ridge terminated the

21   aftercare treatment after only a few phone calls from a case manager and a single visit by a

22   therapist, without offering any further aftercare recommendations or an alternative plan.  (Doc. 1,

23   Exh. A.)

24        Plaintiffs sued Defendants on March 12, 2014, in Fresno County Superior Court, asserting

25   California state law claims for breach of contract, general negligence, bad faith breach of contract,

26   negligence per se, professional negligence, intentional infliction of emotional distress, negligent

27   infliction of emotional distress, false promise, breach of fiduciary duty, economic interference, and

28

---

[1]   The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (Docs. 7; 8.)

violation of deceptive practice law.  Plaintiffs seek money damages plus interest, attorneys' fees, punitive damages, costs of suit, and other relief as the court deems fair, just, and equitable.  The Complaint alleges that the amount in controversy exceeds $25,000, according to proof, but does not state the specific amount in controversy.  (Doc. 1, Exh. A.)

On April 30, 2014, Defendants filed a Motion to Quash Summons based on forum selection, or in the alternative, a Motion to Stay or Dismiss the Action for Forum Non-Conveniens.  (Doc. 1, Exh. B.)  The Superior Court denied Defendants' motion on June 10, 2014. (Doc. 1, Exh. C.)  Defendants removed the matter to this Court on June 19, 2014, based on federal diversity jurisdiction, 28 U.S.C. § 1332, and filed an Answer to Plaintiffs' Complaint on June 26, 2014, denying each of Plaintiffs' eleven claims and setting forth fifteen affirmative defenses. (Doc. 1, 2.)

On July 16, 2014, Plaintiffs filed a Motion to Remand alleging that Defendants' Notice of Removal was untimely because it was not filed within thirty days of formal service of the Summons and complaint.  28 U.S.C. 1446(b).  (Doc. 1, 2-3.)  On September 16, 2014, the Court issued an Order Remanding Case to Fresno County Superior Court for Lack of Subject Matter Jurisdiction.  (*See* No. 1:14-CV-00977, Doc. 16.)  The order stated that a "very general demand letter" sent prior to service of the Complaint "is not sufficiently specific to constitute a 'reasonable estimate' of Plaintiff's claims" and does not establish removability by a preponderance of the evidence.  (*Id.*, Doc. 16, 7.)  This Court also found that "Plaintiffs' indeterminate Complaint does not provide notice of removability with respect to the amount in controversy, thereby triggering the first thirty-day removal period, nor was there any 'other paper' triggering the second thirty-day removal period."  (*Id.*, Doc. 16, 9.)

On October 27, 2014, after remand, Plaintiffs served Statements of Damages on Defendants, seeking "damages in the above-entitled action" totaling $400,000 in general damages, $222,000 in special damages, and $300,000 in punitive damages.  (Doc. 1, 3; Exh. E.)  Defendants again filed a Notice of Removal on November 20, 2014, within thirty days of service of the Statements of Damages, on the ground that the jurisdictional threshold for amount in controversy had been met and this Court therefore has subject matter jurisdiction.  (Doc. 1, 3.)  Plaintiffs filed

1  a Motion to Remand on November 28, 2014, arguing that Defendant failed to timely remove the

2  action from state court.  (Doc. 4, 1-3.)

3  **III.    DISCUSSION**

4  **A.    Legal Standard Governing Removal Jurisdiction**

5  When a case is filed in state court, removal is proper if there is a federal question or where,

6  at issue here, there is diversity of citizenship between the parties[2] and the amount in controversy

7  exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  It is presumed, however, "that a cause lies outside

8  [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests

9  upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th

10 Cir. 2009) (internal citations omitted) (alterations in original).

11 A motion to remand is the proper procedure for challenging removal, *Babasa v.*

12 *LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007), and "[a] motion to remand the case on the

13 basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after

14 the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c).  Where doubt

15 regarding the right to removal exists, a case should be remanded to state court.  *Matheson v.*

16 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  However, a

17 district court lacks discretion to remand a case to the state court if the case was properly removed.

18 *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984),

19 *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus.*

20 *Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

21 A case may be remanded if it was not timely removed.  28 U.S.C. § 1446(b).  A defendant

22 must file a notice of removal within thirty days of receiving a copy of the complaint, or if the

23 matter is not removable based on the contents of the complaint, within thirty days of receiving

24 another pleading or "other paper" from which removability is apparent.  28 U.S.C. § 1446(b).

25 The first thirty-day window is triggered by a defendant's receipt of an "initial pleading"

26 that reveals a basis for removal.  28 U.S.C. § 1446(b)(1).  This first thirty-day period for removal

27

28 [2]   There is complete diversity between the parties.  Plaintiffs are California residents; Defendant West Ridge Academy is owned and operated by Defendant Children and Youth Services, Inc., a corporation organized and existing in Utah with its principle place of business in West Jordan, Utah.  (Doc. 1, Exh. A; *see also* Doc. 1, 4.)

4

only applies if the case stated by the initial pleading is removable on its face; removability is determined by the contents of "the four corners of applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

If no ground for removal is evident in the initial pleading, the second thirty-day window to remove an action commences when the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 694.

In any event, removal based on diversity jurisdiction must commence within one year after the case is filed. 28 U.S.C. § 1446(c)(1).

**B.**      **Timeliness of Removal Notice**

         **1.**      **Parties' Contentions**

Plaintiffs seek to remand this case on the ground that the Notice of Removal was not filed within thirty days after Defendants learned Plaintiffs were claiming damages in excess of $75,000. (Doc. 4, 2.) Plaintiffs argue that Defendants' use of the October 27, 2014, date to start the running of the 30-day removal limitation "is nothing but a sham" because "[a]t some point before June 19, 2014[,] when the first notice of removal was filed over five months ago, defense counsel knew all the facts necessary to remove this action." (Doc. 4, 3.) Plaintiff contends that "[w]hen the defendant forwarded the complaint and settlement letter to its counsel six months ago, the 30-day removal period commenced, and has long since expired by now." (Doc. 4, 4.) Plaintiffs concede the Complaint did not specifically plead a matter in controversy exceeding $75,000, but argue that "by April 1, 2014, defendant's counsel knew all of the facts necessary to assert diversity jurisdiction" based on a settlement letter from plaintiff's counsel dated May 3, 2013. (Doc. 4, 2.)

Defendants respond that "Plaintiffs' continued reliance on a pre-complaint demand letter to establish removability is erroneous." (Doc. 9, 2.) Defendants refer to this Court's September 17, 2014, decision denying Plaintiff's Motion to Remand on procedural grounds (No. 1:14-CV-00977, Doc. 16), and contends that neither the Complaint nor the pre-complaint demand letter provides a date triggering a thirty-day removal period. (Doc. 9, 2.) Defendants argue that only once

discovery began were they provided with statements of damages demonstrating removability and triggering a thirty-day removal period, and the Notice of Removal was therefore timely filed. (Doc. 9, 2-3.)

        **2.**        **Thirty-Day Removal Period was not Triggered by the Pre-Complaint Settlement Demand Letter**

       Neither party contests that the complaint failed to specify the amount of damages sought, and therefore did not trigger the first thirty-day removal period under 28 U.S.C. § 1446(b).  *See e.g., Washington v. Allstate Ins. Co.*, No. 2:10-CV-02130 MCE, 2010 WL 4137286, at *2 (E.D. Cal. Oct. 19, 2010) (allegations for money damages, attorneys' fees, punitive damages, and costs of suit "according to proof" are "inadequate" to provide a defendant with notice that the amount in controversy is met.  "To hold otherwise would require defendants to speculate as to the amount of damages sought and would encourage early removals.").

       However, Plaintiffs argue that the settlement demand letter provided to Defendants prior to the filing of the complaint gave Defendants all the information they needed to ascertain removability.   (Doc. 4, 2-4.)   The Court, however, has already addressed this issue in its September 17, 2014, order.   A pre-complaint settlement demand letter does not constitute an "other paper" for the purpose of triggering the thirty-day removal period under 28 U.S.C. § 1446(b):

> It is axiomatic that a document received *prior* to service of an initial pleading cannot trigger the second thirty-day removal period, which is intended to apply to documents received *after* service of the initial pleading.  [Citation omitted.]  Thus, the term "other paper" does not embrace "any document received prior to receipt of the initial pleading," including Plaintiffs' settlement demand letter from May 2013.  [Citation omitted.]  Irrespective of whether Plaintiffs' $340,000.00 demand was a reasonable estimate of their claims or not, it did not and could not trigger the second thirty-day period for removal because it was mailed to Defendants prior to the service of the initial pleading in this matter.

(No. 1:14-CV-00977, Doc. 16, 5-6.)

       Plaintiffs' pre-complaint demand letter may *not* be paired with Plaintiffs' initial complaint to trigger the thirty-day removal period.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (rejecting the argument that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of

the first and second removal periods.")  Neither the first nor the second thirty-day removal period was triggered by the pre-complaint demand letter or the complaint.  28 U.S.C. § 1446(b).

### 3. Thirty-Day Removal Period was Triggered by Plaintiff's Statements of Damages and Notice of Removal was Timely Filed

Plaintiffs misread the Court's order in arguing this action was previously remanded on procedural grounds for untimely removal.  (Doc. 4, 2.)  Rather, the case was remanded for lack of subject matter jurisdiction because the complaint failed to plead a specific amount of damages establishing the amount in controversy met the statutory minimum.   (No. 1:14-CV-00977, Doc. 16, 8.)  When the first notice of removal was filed, Defendants did not know with "legal certainty" that this action was removable, and remand was appropriate.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).  However, "Defendant[s] [were] not precluded from obtaining information that would establish the amount in controversy by a preponderance of the evidence" (No. 1:14-CV-00977, Doc. 16, 8 n. 3), and from filing a Notice of Removal based on that new information.

An action not initially removable on the basis of diversity jurisdiction, due to the failure to satisfy the amount in controversy requirement, will become removable when subsequent developments make the case removable within one year of the case being filed.  28 U.S.C. § 1446(b).  "[A]s long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam) (citing *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)) (internal quotation marks omitted).

As the Ninth Circuit has explained, "we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *see also Riggs v. Continental Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. 1988) (the elements for removability must be specifically indicated in official papers before the statutory period begins to run).  Defendants are not expected to speculate as to the facts that form the basis for removal

jurisdiction. *Jong v. Gen. Motors Corp.*, 359 F. Supp. 223, 226 (N.D. Cal. 1973); *see also Rollwitz v. Burlington N.R.R.*, 507 F. Supp. 582, 588 n. 7 (D. Mont. 1981) (discussing policy considerations underlying timing of removal).

By failing to plead a specific amount of damages within the four corners of the Complaint, Plaintiffs did not provide Defendants with adequate notice that that the case was removable. After the initial remand to the state court, Defendants had thirty days to remove the case from the time they first ascertained removability. Because a plaintiff's statements of damages furnished after service of the complaint can constitute "other paper" within the meaning of section 1446(b) and trigger the thirty-day period for removal, *see, e.g., Washington*, 2010 WL 4137286, at *3; *Zubair v. L'Oreal USA, Inc.*, No. 2:10-CV-01112-MCE-EFB, 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010), Defendants were first put on notice that the amount in controversy exceeded the jurisdictional minimum when they received Plaintiffs' Statement of Damages on October 27, 2014. Accordingly, Defendants had thirty days from October 27, 2014, to remove the case. *See Carvalho*, 629 F.3d at 887.

Notice of Removal was filed on November 20, 2014, within the thirty-day window. Defendants' removal was timely, and denial of Plaintiffs' motion to remand is proper.

### IV.    CONCLUSION

The thirty-day removal period was triggered by service of Plaintiffs' Statements of Damages on October 27, 2014, which provided Defendants with notice that the amount in controversy exceeded $75,000. Defendants' Notice of removal was therefore timely filed on November 20, 2014, within the thirty day removal period. 28 U.S.C. § 1446(b).

For the reasons above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand on procedural grounds, filed on November 28, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   __January 13, 2015__                    _____/s/ Sheila K. Oberto_____
                                                 UNITED STATES MAGISTRATE JUDGE

8